UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL CONSTABLE,<br><br>  Plaintiff,<br><br>v.<br><br>CLIFFORD NEWELL, et al.,<br><br>  Defendants. | No. 2:18-cv-0221 JAM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, Russell Constable, is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's amended complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 2 & 4.) Therein, plaintiff complains generally about the right "to use the United States roads and high ways (sic) when NOT IN COMMERSE (sic)[.]" (Am. Compl. (ECF No. 4) at 4.)

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's amended complaint is deficient. Accordingly, for the reasons stated below, the undersigned recommends that plaintiff's amended complaint be dismissed without leave to amend.

////

1

## I. Plaintiff's Application to Proceed In Forma Pauperis

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II. Plaintiff's Complaint

### A. Rule 8

Here, as was true of the original complaint, plaintiff's amended complaint fails to contain a short and plain statement of a claim showing that plaintiff is entitled to relief. See ECF No. 3. In this regard, the amended complaint fails to state a claim or allege a fact in support of a claim. Instead, the amended complaint asserts:

> I am not asking for any money, any reversal or anything else other than does the "California vehicle code 17460", mean that I gave my "rights", to use the United States roads and high ways (sic) when NOT IN COMMERSE (sic), which I believe all the cases referred to from this court were FOR COMMERCIAL USE.

(Am. Compl. (ECF No. 4) at 8.)

As plaintiff was previously advised, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

3

The amended complaint also asserts that the "California Vehicle Code is not law." (Am. Compl. (ECF No. 4) at 3.) However, the Supreme Court has made clear:

> The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process.

Reitz v. Mealey, 314 U.S. 33, 36 (1941), overruled in part on other grounds by Perez v. Campbell, 402 U.S. 637 (1971). There is no disputing that a state may impose licensing requirements upon drivers.

> In the absence of national legislation covering the subject, a state may rightfully prescribe uniform regulations necessary for public safety and order in respect to the operation upon its highways of all motor vehicles,-those moving in interstate commerce as well as others. And to this end it may require the registration of such vehicles and the licensing of their drivers, charging therefor reasonable fees graduated according to the horse-power of the engines,-a practical measure of size, speed, and difficulty of control. This is but an exercise of the police power uniformly recognized as belonging to the states and essential to the preservation of the health, safety, and comfort of their citizens; and it does not constitute a direct and material burden on interstate commerce.

Hendrick v. State of Maryland, 235 U.S. 610, 622 (1915).

### B. Frivolousness

"[T]he in forma pauperis statute . . . 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327). "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328.

////

////

////

////

1     Here, the amended complaint alleges:

> On Feb. 1, 2018, in the peasants of thirteenth juror Paige Carnahan was not able to Purdue a valid bar card. At which time the judge remove the juries, and went on the internet to the state bar page witch showed that Carnahan was ensued a bar card the card was not valid as prescribed by Fed. Reg and reflection in the state of CALIFORNIA BUSINESS AND PROFESSION CODE 6067, Oath.

(Am. Compl. (ECF No. 4) at 2.)

    The amended complaint goes on to alleges that:

> There is a secret brotherhood of Attorneys that have deliberately refrained from swearing an Oath to uphold the Constitution of the United States in order to infiltrate our Courts an judicial System and undermine the Constitution of the United States. They apparently have done this so they can undermine the confidence of the public at large. As an unsuspecting public by violating their Constitutionally Protected Rights. [A fed attorney Lisa Page confirmed this brotherhood].

(Id. at 3.)

    In this regard, not only does the amended complaint fail to state a claim, but the amended complaint's allegations are also delusional and frivolous. See Denton, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

### III. Leave to Amend

    For the reasons stated above, plaintiff's amended complaint should be dismissed. The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

    Here, given the defects noted above and plaintiff's inability to successfully amend the complaint, the undersigned finds that granting plaintiff further leave to amend would be futile.

# CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 31, 2018 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's June 4, 2018 amended complaint (ECF No. 4) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiffs may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 15, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/constable0221.dism.f&rs